IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK JOHN STANGEL, and<br>FRANK J. STANGEL &<br>ASSOCIATES, INC.<br><br>PLAINTIFFS<br><br>VS.<br><br>FETTERLY & GORDON, P.A.,<br>GARY J. GORDON AND<br>HOLLY C. ROUNDTREE-SPIRES<br><br>DEFENDANTS | § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>3-00CV1509-L |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. Jurisdiction and Venue

1.  Plaintiff Frank John Stangel is a citizen of the State of Texas, domiciled in Dallas, Texas. Plaintiff is the debtor in a Chapter 13 proceeding, pending in this District, styled in re: Frank John Stangel, Case No. 396-30650-HCA-13.

2.  Plaintiff Frank J. Stangel & Associates, Inc. is a Minnesota Corporation, whose sole officer, director and shareholder is Frank John Stangel.

3.  Defendant, Fetterly & Gordon, P.A., is a professional association, registered in the State of Minnesota, engaged in the practice of law in the State of Minnesota and Defendant, Gary J. Gordon, is a citizen of the State of Minnesota and is a member or shareholder of Fetterly & Gordon, P.A.

4.  Defendant Holly C. Roundtree-Spires is a citizen of the State of Texas, who is a C.P.A. who has an office in Dallas, Texas.

5.  This Court has jurisdiction over this proceeding pursuant to 28USC§1334(b) since the proceeding is related to Plaintiff's Chapter 13 Case, Case No. 396-30650-HCA-13, which is

Plaintiffs Original Complaint - Page 1

pending in this District. This proceeding is a non-core proceeding pursuant to 28USC§157 and includes personal injury tort claims which must be tried in the District Court.

6. Venue is proper in this District pursuant to 28USC§1409(a)

## II. History of Controversy

7. Plaintiff Frank John Stangel, beginning on or about November 2, 1983 operated through Plaintiff Frank J. Stangel & Associates, Inc., a retail establishment in space leased from the Minnetonka Shopping Plaza in Excelsior, Minnesota.

8. On March 12, 1984 a fire destroyed most of the Shopping Center including Plaintiffs premises.

9. Plaintiff suffered a complete and total loss due to the fire.

10. On or about September 11, 1984 Plaintiff filed a lawsuit, No. 84-13661 in District Court for Hennipen County, Minnesota , against the owners of the Shopping Center and others. A true and correct copy of Plaintiffs' Complaint is attached hereto marked as Exhibit "A".

11. In early 1987 Plaintiffs changed counsel, after reaching an agreement with Defendants Fetterly & Gordon, P.A. to retain that firm to represent Plaintiffs in the pending litigation. A true and correct copy of the engagement letter between Plaintiff and Fetterly & Gordon, P.A. is attached hereto marked as Exhibit "B".

12. Gary J. Gordon was the lead attorney assigned by Fetterly & Gordon, P.A. to represent Plaintiff.

13. In the engagement letter , Gary J. Gordon represented that his firm had the highest possible expertise in property fire damage cases.

14. Fetterly & Gordon, P.A. selected Defendant Holly C. Roundtree-Spires as the economic expert expected to testify at the trial to establish damages.

**Plaintiffs Original Complaint - Page 2**

15. The original contract signed by Frank John Stangel and Holly C. Roundtree-Spires is attached hereto, marked as Exhibit "C".

16. On or about September 27, 1990 Plaintiffs settled with a co-tenant which had been sued with the owners of the Shopping Center for $100,000.00. A true and correct copy of the Pierringer Release <u>Pierringer</u> & <u>Hagen</u> et al 21Wis 181,124N.W. at 106(1963)hereto, marked as Exhibit "D".

17. The Trial against the owners of the Shopping Center began on December 3, 1991 before a jury.

18. On the afternoon of December 6, 1991, the fourth day of the trial, while Holly C. Roundtree-Spires was being cross-examined, the Presiding Judge announced a recess and invited counsel into his chambers.

19. Inside the chambers of the Presiding Judge, out of the sight and hearing of Plaintiff Frank John Stangel and without prior notice to Frank John Stangel, Gary J. Gordon on behalf of Fetterly & Gordon, P.A. announced that Fetterly & Gordon, P.A. were withdrawing from further representation of Plaintiffs in the ongoing trial. Mr. Gordon told the Presiding Judge that he had cause to withdraw because Plaintiff Frank John Stangel had been making gestures and otherwise attempting to influence the testimony of Holly C. Roundtree-Spires. A copy of a transcript of the in-chambers conference was recently obtained by Plaintiff Frank John Stangel and is attached hereto, marked as Exhibit "E".

20. During the in-chambers conference, Gary J. Gordon also represented to the Presiding Judge that he had previously admonished Frank John Stangel to refrain from making gestures or facial expressions or otherwise trying to influence the testifying of Holly C. Roundtree-Spires.

21.   The Presiding Judge responded that he would take the Motion to withdraw under advisement and that if he granted the Motion to withdraw that he would probably then declare a mis-trial and that it was his usual practice to assess costs against the party he believed was responsible for causing the mis-trial and that he was leaning toward holding Frank John Stangel responsible for causing the mis-trial. After concluding the in-chambers conference, the Presiding Judge told Gary J. Gordon to notify Frank John Stangel about what was going on.

22.   Plaintiff Frank John Stangel was completely stunned and unprepared for the news that his Attorneys were withdrawing from their representation of him and Frank J. Stangel & Associates, Inc. and at first did not fully comprehend the full impact of the developments.

23.   Stangel was given no opportunity to respond to the inaccurate allegations made by Gary J. Gordon, and no opportunity to object to the withdrawal of Fetterly & Gordon, P.A.

24.   Faced with the reality that the Presiding Judge was going to declare a mis-trial, and assess the costs of the first Trial against Plaintiffs and having no prospects of obtaining sufficient funds to pay those costs, and having no reasonable opportunity to obtain new counsel, Plaintiffs under duress agreed to accept a settlement offer of $10,000.00 to dismiss their claims with prejudice against the remaining Defendants.

25.   The "settlement terms" were read into the record on December 6, 1991.

26.   For reasons unknown to Plaintiffs, the Trial Judge directed the Defendants Attorneys to mail the $10,000.00 settlement check to Fetterly & Gordon, P.A.

27.   On December 16, 1991 Plaintiffs executed a document in which they released the remaining Defendants in the Minnesota lawsuit. See Exhibit "F".

28.   On or about December 27, 1991 the Attorneys for the owners of the Minnetonka Plaza Shopping Center mailed a check in the amount of $10,000.00 payable to Plaintiffs. (See Exhibit "G") The check was mailed to Fetterly & Gordon, P.A.

29. On December 30, 1991 Plaintiffs' remaining claims in the Minnesota litigation were dismissed with prejudice.

30. Fetterly & Gordon, P.A. upon receipt of the $10,000.00 settlement check did not remit any portion of the proceeds to Plaintiffs. Instead, Fetterly & Gordon, P.A. held the check, claiming an Attorney Lien on the check for various unpaid Court costs and fees to Holly C. Roundtree-Spires and on February 13, 1992 Fetterly and Gordon filed an application for an attorneys' lien on the check.

31. Thereafter, the Attorney for the owners of the Minnetonka Plaza Shopping Center filed a Motion seeking further relief from the Trial Court to resolve the dispute between Plaintiffs and Fetterly & Gordon, P.A. regarding the Attorneys' Lien claimed by Fetterly & Gordon, P.A. in the $10,000.00 settlement proceeds.

32. On or about February 28, 1992, Plaintiffs filed a Motion for a new trial, seeking relief from the Order of December 30, 1991.

33. On April 16, 1992 following a Hearing on the Motion filed by Attorneys for "Hagen & Mason," the owners of the Minnetonka Plaza Shopping Center, the Trial Court partitioned the $10,000.00 settlement proceeds and directed "Hagen & Mason" to reissue the $10,000.00 check in two checks; one in the amount of $5,284.47, payable to Fetterly & Gordon, P.A. for Court costs and expert witness fees and the other in the amount of $4,715.53 payable to Plaintiffs at 5501 Branchford Road, Irving, Texas.

34. On May 28, 1992 Plaintiffs appealed the Order of the Trial Court to the Minnesota Court of Appeals which Court affirmed the Order of the Trial Court on November 25, 1992.

35. Thereafter, Plaintiffs appealed the judgment of the Minnesota Court of Appeals to the Minnesota Supreme Court.

36. On February 9, 1993 the Minnesota Supreme Court affirmed the decision of the Court of Appeals. (See Exhibit "H").

37. On September 11, 1993 Plaintiff Frank John Stangel, filed a Chapter 13 proceeding in the United States Bankruptcy Court for the Northern District of Texas (Case # 92-38113).

38. On July 2, 1993, Fetterly & Gordon, P.A. filed a Motion to modify Stay in Frank John Stangel's Bankruptcy Case seeking permission of the Bankruptcy Court to institute legal proceedings against Frank John Stangel in the State of Minnesota in order to liquidate their Attorneys Lien on the settlement proceeds.

39. Frank John Stangel opposed the Motion to Modify Stay filed by Fetterly & Gordon, P.A. and filed a Motion requesting the Bankruptcy Judge to order Fetterly & Gordon, P.A. to return their files on the Minnesota fire litigation to Plaintiff Frank John Stangel.

40. On August 26, 1993 the Bankruptcy Judge entered an Order Modifying the Automatic Stay as requested by Fetterly & Gordon, P.A. and also directed Fetterly & Gordon, P.A. to immediately release their files to Frank John Stangel.

41. Thereafter, Fetterly & Gordon, P.A. instituted a separate action against the Plaintiff in a Minnesota District Court to foreclose their Attorney Lien in the $10,000.00 settlement proceeds.

42. On or about October 13, 1993 the District Court of Minnesota in Cause No. CT-92-0102 8 entered its Order Foreclosing the interest of Fetterly & Gordon, P.A. in the settlement proceeds.

43. Thereafter, Plaintiff received all but 5 boxes of the files maintained by Fetterly & Gordon, P.A.

44. On September 29, 1993 the Bankruptcy Case No. 92-38113 of Frank John Stangel was dismissed. The dismissal was ultimately affirmed by the United States Court of Appeals for the Fifth Circuit.

45.     On February 2, 1996 Plaintiff Frank John Stangel filed a Chapter 13 proceeding in the United States Bankruptcy Court for the Northern District of Texas, Cause No. 396-30560-HCA-13 which case remains pending on the docket of this Court.

### Count One (Breach of Fiduciary Duty)

46.     Defendants, Fetterly & Gordon, P.A. and Gary J. Gordon, breached their fiduciary duties to Plaintiffs in the following respects:

(a)     By failing to represent Plaintiffs zealously.

(b)     By failing to exercise the high standard of legal representation in their actual representation of Plaintiffs warranted in their engagement letter.

(c)     By failing to keep Plaintiffs reasonably informed during the course of the trial proceeding.

(d)     By seeking to withdraw from their representation of Plaintiffs in the middle of the trial without giving Plaintiff any prior notice or opportunity to be heard.

(e)     By withdrawing from further legal representation of Plaintiffs without justification or the consent of Plaintiffs.

(f)     By failing to take any and all reasonable actions to minimize the damages which their withdrawal from the case would cause Plaintiffs.

(g)     By making inaccurate and prejudicial statements to the Court in the presence of the opposing counsel and outside the presence of Plaintiffs and without any prior notice to Plaintiffs.

(h)     By consistently placing their perceived self interest above the legitimate interests of Plaintiffs', their clients.

(I)     By failing to promptly return Plaintiffs' files upon request.

47. Defendant Holly C. Roundtree-Spires breached her fiduciary duties to Plaintiffs in the following manner;

(a) On the eve of the Trial, Defendant Roundtree-Spires demanded immediate payment of her outstanding invoice, despite the fact that the contract with Plaintiffs did not require payment until the conclusion of the litigation. Defendant Roundtree-Spires further informed Plaintiffs that she would not appear as Plaintiffs' expert witness in the field of accounting unless such payment was made.

(b) Defendant Roundtree-Spires failed to prepare her testimonial opinion for Plaintiffs in accordance with generally accepted accounting practices.

(c) Defendant Roundtree-Spires failed to adequately and properly prepare for her testimony as Plaintiff's expert on accounting matters.

(d) Defendant Roundtree-Spires overstated her expertise and accounting credentials.

(e) Defendant Roundtree-Spires consistently placed her self interest above the legitimate interests of Plaintiff.

48. As a proximate result of the tortious actions of Fetterly & Gordon, P.A. and Gary J. Gordon in concert with the tortious actions of Holly C. Roundtree-Spires, Plaintiffs were forced to settle their lawsuit against the owners of the Shopping Center for a meager $10,000.00, less than even the costs which Plaintiffs paid to Defendants before December 6, 1991.

49. Plaintiffs Cause of Action against the owners of the Shopping Center if properly prosecuted by attorneys having the level of expertise which Fetterly & Gordon, P.A. claimed to have and if supported by sufficiently competent expert accounting testimony, should have been reasonably worth at least $1,000,000.00.

50. Plaintiffs were additionally damaged by the loss of the use of the money which they should have received from the trial of their lawsuit against the owners of the Shopping Center

during the period from December 6, 1991 until Judgment in the action. Accordingly Plaintiffs should be awarded equitable pre-judgment interest on the losses outlined above from December 6, 1991 until entry of Judgment herein.

51.   The tortious actions of Defendants' outlined above, in addition proximately and foreseeably caused Plaintiff Frank John Stangel, severe mental anguish, which seriously aggravated existing medical and dental conditions of Frank John Stangel.

52.   Because Defendants jointly and severally breached the fiduciary obligations which they owed to Plaintiffs, they have forfeited their right to receive any fees or disbursements of any kind from Plaintiffs. Accordingly Plaintiffs are entitled to a judgment against Defendants requiring each Defendant to disgorge all funds received from Plaintiffs.

53.   In addition to the actual charges outlined above, because the actions of Defendants were done knowingly and intentionally and with actual malice toward Plaintiffs or with conscious indifference to their devastating consequences upon Plaintiffs, Plaintiffs are entitled to an additional award of punitive damages against Defendants in such amount as is determined by the trier of fact.

### Count Two ( Professional Mal Practice)

54.   Defendants Fetterly & Gordon, P.A. and Gary J. Gordon failed to exercise reasonable care and were negligent in their professional representation of Plaintiffs as set forth above.

55.   Specifically, Defendants Fetterly & Gordon, P.A. and Gary J. Gordon failed to pursue the litigation against the owners of the Shopping Center diligently and with sufficient preparation , inclusive of the failure to properly supervise the preparation of the testimony of expert witnesses, including that of Holly C. Roundtree-Spires.

56.   In addition, Defendants Fetterly & Gordon, P.A. and Gary J. Gordon by their deliberate action in withdrawing from further representation of Plaintiffs during the Trial

proceedings without justification and without prior notice to Plaintiffs, committed legal malpractice which directly and proximately injured Plaintiffs.

57. Defendant Holly C. Roundtree-Spires both negligently and intentionally failed to exercise reasonable care in the preparation of her opinion in support of her testimony as Plaintiffs' expert accounting witness, and failed to prepare her testimony and opinion in accordance with generally accepted accounting practices.

58. As a prominent result of the tortious actions of Fetterly & Gordon, P.A. and Gary Gordon, in concert with the tortious actions of Holly C. Roundtree-Spires, Plaintiffs' suffered actual and consequential damages set forth in paragraphs 48 - 52 above.

59. In addition, because the actions of Defendants were done knowingly, intentionally and with actual malice toward Plaintiffs or with conscious indifference to their devastating consequences upon Plaintiffs, Plaintiffs' are entitled to an additional award of punitive damages against Defendants in such amount as determined by the trier of fact.

### Count Three (Breach of Contract) (Fetterly & Gordon, P.A. and Gary J. Gordon)

60. As stated above, Defendants Fetterly & Gordon, P.A. and Gary J. Gordon agreed to represent Plaintiffs in the lawsuit against "Hagen & Mason" on a 40% contingent fee basis through the Trial and any appeal.

61. Defendants Fetterly & Gordon P.A. and Gary J. Gordon breached their contract to represent Plaintiffs by withdrawing from representation of Plaintiffs during the trial without either legal justification or the consent of Plaintiffs.

62. Plaintiffs were damaged by Defendants Fetterly & Gordon, P.A. breach of their contract in the manner and amounts set forth above in paragraphs 48 - 52.

63. In addition, Plaintiffs are entitled to an award of reasonable attorney fees against Fetterly & Gordon, P.A. and Gary J. Gordon pursuant to Article 38.001 Texas Civil Practice and Remedies Code.

### Count Four (Breach of Contract) (Holly C. Roundtree-Spires)

64. Defendant Holly C. Roundtree-Spires agreed to appear as an expert accounting witness for Plaintiffs.

65. Defendant Roundtree-Spires breached her contract with Plaintiffs by failing to present her testimony as the expert accounting witness for Plaintiffs in accordance with generally accepted accounting practices.

66. In addition, on the eve of trial Defendant Roundtree-Spires refused to honor the contract with Plaintiffs by demanding that Plaintiffs pay over $15,000.00 on accounting invoices despite the fact that Plaintiffs were not obligated to pay Roundtree-Spires until the conclusion of the litigation.

67. Plaintiffs were damaged by Defendant Roundtree-Spires breach of her contract in the amount set forth in paragraphs 48 - 52 above.

68. In addition, Plaintiffs are entitled to an award of reasonable attorney fees against Defendant Holly C. Roundtree-Spires pursuant to Article 38.001 Texas Civil Practice and Remedies Code.

WHEREFORE, Plaintiffs pray for the entry of judgment against all Defendants jointly and severally as follows:

1. For actual and consequential damages as prayed for in Counts One and Two above.

2. For punitive damages as prayed for in Counts One and Two above.

3. For disgorgement of all fees and expenses received from Plaintiffs.

4. For mental anguish damages to Plaintiff Frank John Stangel as prayed for in Counts One and Two above.

5. For an award of pre-judgment interest.

6. For costs.

7. For such additional relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,

THE LAW OFFICES OF WALTER W. LEONARD

By: _____
WALTER W. LEONARD
State Bar No. 12211300
2400 Scott Avenue
Fort Worth, Texas 76103
(817)335-6538
(817)335)0932 (Fax)


THE LAW OFFICES OF LINDA N. COFFEE

By: _____
LINDA N. COFFEE
State Bar No. 04483000
1201 Main street, Suite 1510
Dallas, Texas 75202
(214)748-1211
(214)748-7920 (Fax)

**ATTORNEYS FOR FRANK JOHN STANGEL and FRANK J. STANGEL & ASSOCIATES, INC.**

<u>PLAINTIFFS REQUEST TRIAL BY JURY</u>

6. For costs.

7. For such additional relief to which Plaintiffs may show themselves to be justly entitled.

          Respectfully Submitted,

          THE LAW OFFICES OF WALTER W. LEONARD

By: _____
    WALTER W. LEONARD
    State Bar No. 12211300
    2400 Scott Avenue
    Fort Worth, Texas  76103
    (817)335-6538
    (817)335)0932 (Fax)

THE LAW OFFICES OF LINDA N. COFFEE

By: _____
    LINDA N. COFFEE
    State Bar No. 04483000
    1201 Main street, Suite 1510
    Dallas, Texas  75202
    (214)748-1211
    (214)748-7920 (Fax)

**ATTORNEYS FOR FRANK JOHN STANGEL and FRANK J. STANGEL & ASSOCIATES, INC.**

**PLAINTIFFS REQUEST TRIAL BY JURY.**

Plaintiffs Original Complaint - Page 12